IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZVIADI MUKABANIANI, | |
| Plaintiff, | 8:26-CV-183 |
| vs. | ORDER |
| LINCOLN COUNTY JAIL, et al., | |
| Defendants. | |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends his detention is unlawful, among other things, because he was denied a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government argues that the petition is moot because the petitioner is subject to a final order of removal and must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Filing 5.

The Court agrees. The petitioner's order of removal is now final. *See* filing 7 at 4. Pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). And 90 days has not yet passed. So, given that the Court no longer has a legal basis to award the relief prayed for in the petition—release from custody or a bond hearing, *see* filing 1 at 11—the petition is prudentially moot for the reasons explained in *Hernandez Muralles v. Mullin*, No. 4:26-CV-3079, 2026 WL 1045729, at *2 (D. Neb. Apr. 17, 2026).

The petitioner's reply brief[1] doesn't meaningfully respond to that argument. *See* filing 10. Instead, the reply brief—as the petition itself does, to some extent—is devoted to relitigating the merits of the petitioner's asylum claim and collaterally attacking the final order of removal. *See* filing 10; *see also* filing 1 at 2, 8. But those are not issues that can be raised in a habeas proceeding, or, indeed, in this Court. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). Accordingly,

IT IS ORDERED:

1. The government's motion to dismiss (filing 5) is granted.

2. The petition for writ of habeas corpus is denied without prejudice as moot.

3. A separate judgment will be entered.

Dated this 20th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The *pro se* petitioner's reply was filed by a member of his family, but the Court finds that the representations made in the petition sufficiently establish standing to file the brief and supporting materials as the petitioner's next friend. *See* 28 U.S.C. § 2242; *see also Whitmore v. Arkansas*, 495 U.S. 149, 165-65 (1990); *Yessenia S.T. v. Bondi*, No. 26-CV-30, 2026 WL 102407, at *2 (D. Minn. Jan. 14, 2026).